**DUPRIEST AUTOMOTIVE, INC., Appellant,**

v.

**AMERICAN HONDA MOTOR CO., INC., Appellee.**

No. 07–97–0463–CV.

Court of Appeals of Texas, Amarillo.

Nov. 10, 1998.

Rehearing Overruled Dec. 14, 1998.

Ed Walton, Dallas, for appellant.

Carr Fouts Hunt & Wolfe, LLP, Charles R. Watson, Jr., Amarillo, Scott Hulse Marshall Feuille Finger & Thurmond PC, Richard Munzinger, Joseph L. Hood, Jr., Rachel A. Ekery, El Paso, for appellee.

Before QUINN and REAVIS, JJ., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Retired).

Dupriest Automotive, Inc., formerly a dealer of Acura automobiles, challenges the take-nothing summary judgment rendered in its action against American Honda Motor Co., the United States distributor of Acura automobiles, for violation of the Texas Motor Vehicle Commission Code (the Code). Tex. Rev.Civ. Stat. Ann. art. 4413(36) (Vernon 1976 & Supp.1998). Dupriest alleged that American Honda failed to approve Dupriest's proposed sale of its dealership in violation of the Code's section 5.02(b)(8) which, at the time Dupriest filed its action, provided that it shall be unlawful for any distributor to:

Notwithstanding the terms of any franchise agreement, fail to give effect to or attempt to prevent any sale or transfer of a dealer, dealership or franchise or interest therein or management thereof unless, after complaint or protest, it is demonstrated to the Commission after hearing that the result of any such sale or transfer will be detrimental to the public or the representation of the manufacturer or distributor.

Act of March 25, 1971, 62nd Leg., R.S., ch. 51, 1971 Tex. Gen. Laws 89, 97, *amended by* Act May 22, 1997, 75th Leg., R.S., ch. 639, § 30, 1997 Tex. Gen. Laws 2185, 2201.[1] The judgment was rendered upon the granting of a motion for summary judgment founded on the grounds that (1) the Code provides an exclusive statutory remedy which required Dupriest to file a protest with the Texas Motor Vehicle Commission (the Commission), and (2) Dupriest waived its right to complain by failing to file the protest. For the reasons expressed, we will reverse and order the cause dismissed for want of subject matter jurisdiction.

Dupriest became a dealer for Acura automobiles, located at 2525 South Georgia, Amarillo, by purchasing the assets of Amarillo Automotive, Inc., d/b/a Precision Acura, formerly Don Judd Automotive, Inc., d/b/a Don Judd Acura. Earlier, a proceeding the latter had filed against American Honda with the Commission resulted in a settlement, a condition of which was that the dealership would "remain an exclusive Acura dealer operating at 2525 South Georgia, Amarillo, Texas." As a condition of its purchase, Dupriest agreed the dealership was barred from combining the Acura dealership with any other line in the same facility.

After acquiring the dealership, Dupriest encountered financial difficulties. Dupriest proposed to sell its dealership to Brown Pontiac, GMC, Inc. under an 11 July 1995 buy-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. The amended and current version provides that it is unlawful for any distributor to:

   Notwithstanding the terms of any franchise agreement, fail to give effect to or attempt to prevent any sale or transfer of a dealer, dealership or franchise or interest therein or man-

agement thereof except as provided by Section 5.01B.

Tex.Rev.Civ. Stat. Ann. art. 4413(36), § 5.02(b)(8) (Vernon Supp.1998). Future references to sections are to the currently numbered sections of the present Code which embraces the sections of the Code as it existed when Dupriest filed its action.

sell agreement which contained this provision:

9. Contingency. The execution and closing of the definitive agreement contemplated hereunder shall be expressly contingent upon their approval by Acura USA and American Honda of the consolidation of the Acura and Honda Dealerships in Brown's current Honda Dealership location and facilities, and on the execution of an exclusive franchise agreement between Brown and Acura USA containing terms satisfactory to Brown.

After reviewing the proposed buy-sell agreement, American Honda advised Dupriest on 17 July 1995 that its proposal was denied because, based upon item 9 of the agreement, it would not approve the consolidation of the Acura and Honda dealerships.

By Dupriest's letter received on 25 July 1995, American Honda was notified that the agreement between Dupriest and Brown had been cancelled. In a responsive letter dated 27 July 1995, American Honda informed Dupriest that since it had committed to the Acura dealership at 2525 S. Georgia, Amarillo, the proposed buy-sell agreement could not be approved. The information was preceded by a notification, in capital letters, that Dupriest may be entitled to file a protest with the Commission and have a hearing if it opposed American Honda's action.

Dupriest continued to suffer financial difficulties and, on 3 May 1996, American Honda, pursuant to the dealer agreement and section 5.02(b)(3)(A)(v) of the Code, notified Dupriest that because of its inoperation of the dealership for more than seven days, the dealership would terminate on 31 May 1996. Again, as a preface to the notification, Dupriest was advised, in capital letters, that it may be entitled to file a protest with the Commission and have a hearing if it opposed American Honda's action.

On 9 May 1997, almost two years after American Honda refused to consent to the sale of Dupriest's dealership to Brown, Dupriest, without having filed a complaint or protest with the Commission, initiated the action underlying this appeal in the district court. By its action, Dupriest sought monetary damages from American Honda for its violation of the Code by "failing to give effect to or attempting to prevent any sale or transfer of a dealer, dealership or franchise or interest therein or management thereof." [2]

American Honda answered and counterclaimed for a declaratory judgment. American Honda sought a judgment decreeing that Dupriest may not complain of its refusal to approve the proposed buy-sell agreement with Brown because, by not exercising its statutory right to file a protest with the Commission and by cancelling the buy-sell agreement, Dupriest waived its right to complain of American Honda's actions.

Thereafter, American Honda moved for summary judgment on the ground that Dupriest had waived its claim of American Honda's violation of section 5.02(b)(8) of the Code. Alternatively, American Honda sought a dismissal of Dupriest's action on the theory that the failure to exhaust the administrative remedies provided by the Code deprived the district court of subject matter jurisdiction over the claim. Dupriest responded and, albeit disagreeing that it had the right or obligation to file a complaint or protest with the Commission, contended that summary judgment was precluded by unresolved genuine issues of material fact, *viz.*, whether it engaged in conduct which would constitute a waiver of any rights to complain of American Honda's conduct, and who was responsible for the cancellation of the buy-sell agreement. Being of the opinion that American Honda's motion for summary judgment had merit and should be granted, the trial court rendered a take-nothing judgment against Dupriest.

Dupriest uses four numbered issues to charge the trial court with error in granting the motion for summary judgment, and seeks a reversal and remand or, alternatively, an abatement or dismissal. American Honda seeks a validation of the summary judgment.

---

**2.** Dupriest also sought money damages for American Honda's violation of section 5.02b(16) of the Code by failing to pay for tools and unused inventory returned to American Honda when the dealership closed, as well as for signs destroyed at American Honda's request; however, that part of the action was severed into another cause and is not a part of this appeal.

The Code was enacted, and amended, to provide a comprehensive plan to effect the policy of insuring a sound system of distributing and selling motor vehicles and regulating the manufacturers, distributors and dealers of the vehicles. Sec. 1.02. To that end, the Legislature vested the Commission with the original power and jurisdiction to regulate all aspects of the distribution, sale and leasing of motor vehicles, sec. 3.01, which are governed exclusively by the provisions of the Code. Sec. 3.02; *Navistar Intern. v. Crim Truck & Tractor*, 791 S.W.2d 241, 245 (Tex. App.—Texarkana 1990), *aff'd*, 823 S.W.2d 591 (Tex.1992) (the statute "provides that its remedies are exclusive and that common law rights are generally preempted"). Thus, the original and exclusive jurisdiction over Dupriest's complaint that American Honda failed to give effect to or attempted to prevent the sale of its dealership is vested in the Commission, not in the district court, and the jurisdiction cannot be waived, even by agreement. Sec. 1.04.

Notwithstanding, both Dupriest and American Honda submit that the Commission did not have jurisdiction of the action, which, for different reasons, was acquired by the district court. They argue that the Dupriest–Brown buy-sell agreement was cancelled and, therefore, there was no pending contract upon which the Commission could act. American Honda adds that since the present tense "will be" was used in the statute, it is clear that the only proceeding contemplated before the Commission was one which would effect an existing, proposed transfer.

Furthermore, Dupriest reasons that the district court had jurisdiction of its action because it is seeking the remedy of an award of damages which is within the jurisdiction of the district court, and the Commission does not have jurisdiction to order payment to the dealer. *See Kawasaki Motors v. Motor Vehicle Com'n*, 855 S.W.2d 792, 797 (Tex.App.—Austin 1993, no writ) (no Code provision grants the Commission authority to order payment to the dealer).[3] American Honda,

although agreeing that section 6.06(a) requires a dealer to obtain a Commission finding of a section 5.02 violation before suit for damages may be filed in district court, maintains that its counterclaim for a declaration that Dupriest waived its right to file a protest with the Commission vested the district court with jurisdiction, granted by the Uniform Declaratory Judgments Act,[4] to make that declaration in the form of the summary judgment rendered.

However, the issue made by the pleadings is neither restricted by the termination of the Dupriest–Brown buy-sell agreement nor controlled by the premature allegation of Dupriest's waiver of its right to file a complaint or protest with the Commission. Rather, the issue is whether American Honda unlawfully failed to give effect to or prevented the sale of the dealership, the basis of Dupriest's cause of action for damages. That issue, with its integral segments, is within the exclusive jurisdiction of the Commission, sec. 5.02(b)(8), thereby depriving the district court of subject matter jurisdiction to settle the controversy by declaratory judgment. *See United Services Life Insurance Company v. Delaney*, 396 S.W.2d 855, 860 (Tex. 1965) (to entertain a suit for declaratory relief, a court must have the power and jurisdiction to settle the controversy by entry of a final judgment). And if the issue is presented to the Commission, and the Commission finds a section 5.02 violation by American Honda, then Dupriest may maintain a court action for damages, with deference being given to the Commission's findings of fact and conclusions of law. Sec. 6.06(a).

Because the jurisdiction of Dupriest's complaint was vested exclusively in the Commission, the district court should have dismissed the action for want of subject matter jurisdiction. We, therefore, render the judgment that the trial court should have rendered. Tex.R.App. P. 43.2(c).

---

3. For violations of the Code, the Commission may levy a civil penalty, sec. 6.01, or issue a cease and desist order, sec. 6.01A, or secure an injunction or both an injunction and a civil penalty. Sec. 6.02.

4. Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon 1997).

 

Accordingly, the summary judgment of the trial court is reversed, and the cause is dismissed for want of subject matter jurisdiction.