**GRUBBS NISSAN MID–CITIES, INC., Plaintiff,**

v.

**DAIMLERCHRYSLER MOTORS CORPORATION, Defendant.**

No. 4:99–CV–911–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 25, 2000.

Andrew Duncan Sims, Attorney at Law, Harris, Finley & Bogle, Fort Worth, TX, for plaintiff.

Richard Hunt Gateley, Attorney at Law, Brackett & Ellis, Fort Worth, TX, Charles A Newman, Attorney at Law, Jerome H. Block, Attorney at Law, Kathy A. Wisniewski, Attorney at Law, Bryan Cave LLP, St Louis, MO, for defendant.

*MEMORANDUM OPINION*
*and ORDER*

McBRYDE, District Judge.

Came on for consideration the motion of defendant, DaimlerChrysler Motors Corporation, to dismiss. The court, having considered the motion, the response of plaintiff, Grubbs Nissan Mid–Cities, Inc., the reply, the supplemental briefing re-

quired by the court's January 31, 2000, order, the record, and applicable authorities, finds that the motion should be denied.

Defendant urges two grounds in support of its motion to dismiss. First, dismissal is required due to plaintiff's failure to file a protest with the Texas Motor Vehicle Commission ("Commission"). Second, and alternatively, the case should be dismissed under the *Burford* abstention doctrine. *Burford v. Sun Oil, Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

Defendant urges that as a condition precedent to filing a civil claim for damages, an automobile dealer must first obtain a final order from the Commission establishing that it sustained actual damages as a result of the manufacturer's violation of § 5.02 of the Texas Motor Vehicle Commission Code, TEX.REV.CIV.STAT.ANN. art. 4413(36) (the "Code"). Mot. to Dismiss at 5. The Code section upon which it relies provides:

> Notwithstanding any other provision of law, including the terms of Subchapter E, Chapter 17, Business & Commerce Code, in addition to the other remedies provided by this subchapter, a person who has sustained actual damages as a result of a violation of Section 5.01 or Section 5.01A of this Act, or a franchised dealer who has sustained actual damages as a result of a violation of Section 5.02 of this Act, or a violation of Subchapter E, Chapter 17, Business & Commerce Code, may maintain an action pursuant to the terms of Subchapter E, Chapter 17, Business & Commerce Code or any successor statute thereto and shall be entitled to all procedures and remedies provided for therein. In any action brought under this section, and in the interest of judicial economy and efficiency, a judgment rendered pursuant to this section shall pay due deference to the findings of fact and conclusions of law of the Commission contained in a

final order which forms the basis of the action.

TEX.REV.CIV.STAT.ANN. art. 4413(36), § 6.06(a) (Vernon Supp.2000). At least two Texas courts of appeals have determined that this section clearly shows a legislative intent that the Commission have primary jurisdiction to determine whether the Code has been violated before a party may assert in court a cause of action for damages resulting from that violation. *David McDavid Nissan, Inc. v. Subaru of America, Inc.*, 10 S.W.3d 56 (Tex.App.—Dallas 1999); *Dupriest Automotive, Inc. v. American Honda Motor Co., Inc.*, 980 S.W.2d 521 (Tex.App.—Amarillo 1998), *pet. denied*, 43 Tex.Sup.Ct.J. 207, 1999 WL 1188887 (Dec. 16, 1999). In denying the petition for review in *Dupriest*, the Texas Supreme Court stated that it neither approved nor disapproved the holding of the Amarillo Court of Appeals regarding exclusive jurisdiction of the Commission over the complaint, noting that neither party had raised primary jurisdiction as an issue.

In a diversity action, the court is obliged to rule as it believes the Texas Supreme Court would rule on the legal issue that determines the outcome of the case. *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). If the Texas Supreme Court has not decided the issue, the court must make an "*Erie*[1] guess" on how that court would rule. *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 295 (5th Cir.), *cert. denied*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). While the decisions of the Texas courts of appeals should be given some weight, they are not controlling where the state's highest court has not spoken on the subject. *Id.* Rather, the court is obligated to make its best effort to predict how the Texas Supreme Court would decide the issue. *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir.1995), *cert. denied*, 517 U.S. 1221, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996); *Hart-*

---

**1.** *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

*ford Cas. Ins. Co. v. Powell,* 19 F.Supp.2d 678, 681–82 (N.D.Tex.1998).

In this case, the court is not persuaded that the Texas Supreme Court would require the exhaustion of administrative remedies prior to pursuit of plaintiff's claims in court. Neither *Dupriest* nor *David McDavid Nissan, Inc.* should determine the outcome of this case, which concerns the alleged violation of § 5.02(b)(11), not discussed in those cases. The Code provisions in *Dupriest* and *McDavid* each required pursuit of administrative remedies prior to filing suit.[2] The provision at issue here simply provides that a manufacturer cannot "pay its dealers an amount of money for warranty work that is less than that charged by the dealer to the retail customers of the dealer for non-warranty work of like kind." TEX.REV.CIV.STAT.ANN. art. 4413(36), § 5.02(b)(11) (Vernon Supp. 1999).[3] There is nothing about that provision that requires any interpretive skill of the Commission. *See Petrou Fisheries, Inc. v. I.C.C.,* 727 F.2d 542, 545 (5th Cir. 1984) (an agency possesses no special skill in statutory interpretation); *Roberts Express, Inc. v. Expert Transp., Inc.,* 842 S.W.2d 766, 771 (Tex.App.—Dallas 1992, no writ) (if an issue does not involve interpretation of technical words or phrases not commonly understood, matter is a pure question of law for the court's determination).

■ Under Texas law, a fundamental and dominant rule controlling statutory construction is to ascertain if possible the intention of the legislature as expressed in the statute. *Calvert v. Texas Pipe Line Co.,* 517 S.W.2d 777, 780 (Tex.1974). An equally fundamental rule is that legislative intent must be ascertained from the entire act and not merely from isolated portions thereof. *Id.* at 781. Reading the Code as a whole, it is plain that the subsection at issue does not require the filing of a complaint or protest, nor is there a need for such, as in subsections 5.02(b)(3), (4), (5), (8), (10), (13), (15), (17), and (25). Further, in construing § 6.06(a) with § 5.02, and harmonizing their provisions, the court is persuaded that the last sentence of § 6.06(a) comes into play only if the violation of the Code is one for which § 5.02 prescribes a complaint or protest.

■ All that the cases cited by defendant say is that statutory prerequisites to filing suit must be fulfilled before an action may proceed. They do not purport to create an exhaustion requirement where

---

**2.** At issue in *Dupriest* was § 5.02(b)(8) which, at the time DuPriest filed its action, provided that it was unlawful for any distributor to:

> Notwithstanding the terms of any franchise agreement, fail to give effect to or attempt to prevent any sale or transfer of a dealer, dealership or franchise or interest therein or management thereof unless, after complaint or protest, it is demonstrated to the Commission after hearing that the result of any such sale or transfer will be detrimental to the public or the representation of the manufacturer or distributor.

*Dupriest Automotive, Inc. v. American Honda Motor Co., Inc.,* 980 S.W.2d 521, 522 (Tex. App.—Amarillo 1998), *pet. denied,* 43 Tex.Sup. Ct.J. 207, 1999 WL 1188887 (Dec. 16, 1999).
In *McDavid,* the court considered § 5.02(15), which provided:

> It is unlawful for any manufacturer, distributor, or representative to ... notwithstanding the terms of any franchise agreement, deny or withhold approval of a written application to relocate a franchise unless (A) the applicant has received written notice of the denial or withholding of approval within 60 days after receipt of the application containing information reasonably necessary to enable the manufacturer or distributor to adequately evaluate the application, and if (B) the applicant files a protest with the board and the manufacturer or distributor establishes by a preponderance of the evidence at a hearing called by the board that the grounds for the denial or withholding of approval of the relocation are reasonable.

*David McDavid Nissan, Inc. v. Subaru of America, Inc.,* 10 S.W.3d 56, 65 (Tex.App.—Dallas 1999).

**3.** Effective September 1, 1999, the Code was amended and renumbered, but the substance of this provision remains the same. *See* TEX. REV.CIV.STAT.ANN. art. 4413(36), § 5.02A(d) (Vernon Supp.2000).

none exists.[4] Contrary to defendant's argument, *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991), is not analogous to the case at hand. In *Schroeder*, the Texas Supreme Court recognized an exhaustion requirement under the Texas Commission on Human Rights Act, TEX. REV.CIV.STAT.ANN. art. 5221(k) (Vernon 1987), because the Act was meant to provide for the execution of policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended. "Those policies include administrative procedures involving informal conference, conciliation and persuasion, as well as judicial review of administrative action. Another important policy of Title VII is exhaustion of administrative remedies prior to litigation." 813 S.W.2d at 487. There is no allegation that the Texas Motor Vehicle Commission Code is analogous to any federal statute.

█ As an alternate ground, defendant urges the court to apply *Burford* and abstain from exercising jurisdiction. As the United States Supreme Court has explained, however, *Burford* abstention is appropriate only in exceptional circumstances. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). And, remand under *Burford* is appropriate only if equitable or discretionary relief is sought and is not proper in a damages action. *Id.* at 731, 116 S.Ct. 1712. "*Burford* allows a federal court to dismiss the case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* at 726–27, 116 S.Ct. 1712 (internal quotations and citations omitted). Defendant has not

shown that either of these tests is met. Accordingly,

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

---

4. The court notes that the opinion in one of the cases cited by defendant has been withdrawn and superceded. *Dubai Petroleum Co. v. Kazi*, No. 97–1068, 2000 WL 144407, —— S.W.3d —— (Tex. Feb.10, 2000). The court is

not persuaded that the case should be interpreted as defendant urges. Had the Texas Supreme Court intended to do away with the doctrine of primary jurisdiction, it certainly would have said so.