## AMERICAN HONDA MOTOR CO., INC., Petitioner,

v.

## DUPRIEST AUTOMOTIVE, INC., Respondent.

No. 99–0075.

Supreme Court of Texas.

March 2, 2000.

Richard Munzinger, El Paso, Charles R. Watson, Jr., Lubbock, Joseph L. Hood, Jr., Rachel Anne Ekery, El Paso, for Petitioner.

William E. Walton, Dallas, for Respondent.

PER CURIAM.

On December 16, 1999, we issued a per curiam opinion denying American Honda Motor Co.'s petition for review. We now overrule American Honda's motion for rehearing but withdraw our original opinion and substitute the following in its place.

Dupriest Automotive, Inc. proposed to sell its Acura dealership. But after American Honda refused to allow the prospective purchaser to combine sales of Hondas and Acuras at the facility, the prospective purchaser canceled the buy-sell agreement. Without first filing a complaint with the Texas Motor Vehicle Commission (now the Texas Motor Vehicle Board),[1] Dupriest sued American Honda for monetary damages, alleging that American Honda's refusal to approve the sale of Acuras at the same location as Hondas violated section 5.02(b)(8) of the Texas Motor Vehicle Commission Code. Act of June

8, 1995, 74th Leg., R.S., ch. 357, § 18, sec. 5.02, 1995 Tex. Gen. Laws 2887, 2897.[2] American Honda filed a motion for summary judgment on the ground, among others, that Dupriest had waived its claim by failing to file a protest with the Commission. The trial court granted the motion. Holding that the Commission had exclusive jurisdiction over Dupriest's complaint, the court of appeals reversed the trial court's judgment and dismissed the cause for want of subject matter jurisdiction. *See* 980 S.W.2d 521, 524–25. American Honda filed a petition for review in this Court. We deny the petition. In so doing, we neither approve nor disapprove the holding of the court of appeals regarding exclusive jurisdiction. We note that neither Dupriest nor American Honda contended that, under the doctrine of primary jurisdiction, proceedings in the trial court should be abated pending consideration of issues by the Commission.

---

1. *See* Tex.Rev.Civ. Stat. Ann. art. 4413(36), § 2.01 (Vernon Supp.1999).

2. Although this statute was amended effective June 11, 1997, *see* Tex.Rev.Civ. Stat. Ann. art. 4413(36), §§ 5.01B, 5.02(b)(8) (Vernon Supp. 1999), Dupriest's suit, filed in May 1997, is not controlled by the amendments.